No. 34,846

THE FIRST NATIONAL BANK OF ANTHONY, *Appellee,* v. C. C. ZOLLARS, *Appellant.*

(106 P. 2d 657)

Opinion filed November 9, 1940.

*J. N. Tincher, Clyde Raleigh,* both of Hutchinson, and *Leaford F. Cushenbery,* of Medicine Lodge, for the appellant.

*E. C. Wilcox* and *J. Howard Wilcox,* both of Anthony, for the appellee.

The opinion of the court was delivered by·

HARVEY, J.: This was an action on three promissory notes executed

by the defendant and payable to the Sowers Plan Crop Insurance Mutual Company for the premium on policies of crop insurance issued by the payee company to defendant. Defendant suffered loss adjusted and found to be in excess of the amount of the notes, but the company had gone into a receivership and had no money to pay the losses under the policy. Plaintiff alleged that it had purchased the notes before maturity and was the holder in due course. Defendant's contention was that the notes are not negotiable in form and that since his loss under the policy is greater than the amount of the notes there should be no recovery. A trial by jury resulted in a verdict and judgment for plaintiff. Defendant has appealed and contends there were several errors in the trial. We think it necessary to determine only one of them, namely, whether the notes sued upon are negotiable in form. That question was carefully considered in *Citizens State Bank v. Pauly*, 152 Kan. 152, 102 P. 2d 966, and it was there held that notes similar to the one here involved were not negotiable in form, and that the maker was entitled to have the amount due on his notes deducted from the loss which he had sustained under the policy. Under the authority of this case plaintiff is not entitled to recover. Counsel for appellee attempted to distinguish the cases in two particulars: *First*, because defendant did not enter a claim for the loss due under his policy to the receiver. We think that fact has no bearing on whether or not the notes were negotiable in form. The notes sued on contained a paragraph as follows:

"In the event of crop failure, I, or we, do hereby assign that portion of the crop insurance collected from the Sowers Plan Crop Insurance Mutual Company, necessary to pay this note to ————."

In the Pauly case the blank line was filled in. Appellee suggests that this makes a distinction. We think this distinction has no legal effect. If this did not refer to the plaintiff, to whom the notes had been assigned by the payee, it would seem that it would not refer to anyone.

We see no necessity of discussing the questions involved at great length. This was quite thoroughly done in the Pauly case, and on the strength of that decision the judgment of the court below must be reversed. It is fair to the trial court to say that the decision in that case had not been handed down when this case was tried in the court below, but it necessarily follows that the judgment of the court below must be reversed with directions to enter judgment for defendant. It is so ordered.